UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
DTV, INC. DBA DANNY VEGH'S : Case No. 1:16-CV-01142
HOME ENTERTAINMENT, ET AL., :
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 8]
BRUNKSWICK CORPORATION DBA, :
BRUNSWICK BILLIARDS :
:
      Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff DTV, Inc. and its subsidiary Home Entertainer, LLC (collectively "DTV") bring breach of contract and state statutory claims against Defendant Brunswick Corporation ("Brunswick").[1] The claims come from disputes over sales agreements between the parties. The Defendant moves to transfer the case to the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1404 and also to strike Plaintiff's demand for a jury trial.[2] For the following reasons, this Court **GRANTS** the Defendant's motion to transfer.[3]

**I.    Background**

    Plaintiff DTV sells billiards tables and their related products.[4] Defendant Brunswick manufactures some of the products that Plaintiff DTV sells.[5]

    On September 1, 2013 these parties entered into "Retail Dealer Agreements" (the "Agreements") that gave Plaintiff the exclusive rights to sell the Defendant's products in

---

[1] Doc. 1.
[2] Docs. 8 and 7.
[3] Finding that transfer is appropriate, the Court does not resolve the motion to strike the jury demand.
[4] Doc. 1 at ¶ 1.
[5] Doc. 1 at ¶ 3.

-1-

Case No. No. 1:16-CV-01142
Gwin, J.

Northeast Ohio and Milwaukee, Wisconsin.[6] In their Retail Dealer Agreements, Plaintiff and Defendant select the Northern District of Illinois as the forum for "any and all disputes arising out of or in connection with . . . this agreement."[7]

In early September 2015, the Defendant terminated the Agreements.[8] On May 13, 2016, Plaintiff DTV sued Defendant Brunswick. The Plaintiff alleges that the Defendant breached the parties' contracts and violated Ohio and Wisconsin law when the Defendant ended the Dealer Agreements.[9]

On July 15, 2016, Defendant Brunswick moved to transfer venue to the United States District Court for the Northern District of Illinois, Eastern Division[10] and to strike the Plaintiff's demand for a jury trial.[11]

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Sixth Circuit typically requires "a district court [to]

---

[6] Docs. 1-1 and 1-2.
[7] *Id.* at 7. Both Agreements provide that:

> Any action, claim, suit or proceeding between Brunswick and Dealer, including but not limited to, any and all disputes arising out of or in connection with the interpretation, performance or the nonperformance of this Agreement and any and all disputes arising out of or in connection with transactions in any way related to this Agreement (including the termination of this Agreement) shall be litigated solely and exclusively before the United States District Court for the Northern District of the State of Illinois. The parties consent to the in person and jurisdiction of said court for the purposes of any such litigation, and waive, fully and completely any right to dismiss and/or transfer any action pursuant to 28 U.S.C. Section 1404 or 1406 (or any successor statutes). In the event the United States District Court does not have subject matter jurisdiction of said matter, then such matters shall be litigated solely and exclusively before the appropriate state court of competent jurisdiction located in Cook County, Illinois, and the parties consent to the personal jurisdiction of such courts for the purpose of such litigation.

[8] Doc. 1 at ¶¶ 15, 31.
[9] *Id.* at ¶¶ 4–5; Doc. 9 at p. 1.
[10] Doc. 8.
[11] Doc. 7.

-2-

Case No. No. 1:16-CV-01142
Gwin, J.

consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[12]

However, the Supreme Court in *Atlantic Marine* instructed district courts that:

> The calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum . . . . [A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases . . . . When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.[13]

In sum, if a contract contains a valid forum selection clause, this Court may only consider public-interest factors when a party moves to transfer a case from its agreed-upon forum.[14]

### III.  Discussion

*A. Defendant Brunswick's Motion to Transfer*

Plaintiff DTV agreed to the terms of the Agreements. The Agreements have valid forum selection clauses that should be given controlling weight.[15] The parties agreed to litigate all disputes "arising out of or in connection with" the Agreements in the Northern District of Illinois.[16] The Plaintiff may not object to the agreed-upon forum now.

---

[12] *Siegfried v. Takeda Pharm. N. Am., Inc.*, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).
[13] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, ___ U.S. ___, ___, 134 S. Ct. 568, 581–582 (2013) (internal citations and quotation marks omitted).
[14] *Id.*
[15] The Plaintiff does not allege fraud, duress or any other reason that might invalidate the forum selection clause.
[16] Docs. 1-1 at 7 and 1-2 at 7.

Case No. No. 1:16-CV-01142
Gwin, J.

Plaintiff DTV counters that this lawsuit does not arise under the Agreements so the forum selection clause does not apply.[17] Instead, the Plaintiff alleges that its claims originate from the "Defendant's conduct prior to the agreements and its failure to live up to its promises, while inducing the Plaintiff to open up a store in the Milwaukee market."[18]

This argument loses. Even if this Court accepted that the Defendant made promises and inducements before the Agreements, the Agreements include integration clauses. The integration clauses incorporate "all prior or contemporaneous agreements . . . of every sort" into the Agreements.[19] Consequently, any of the Defendant's alleged promises or inducements would have been incorporated into the Agreements and subject to the forum selection clauses.

Plaintiff DTV also makes convenience[20] and fairness arguments[21] in favor of denying the motion to transfer. These are "private-interest" arguments that *Atlantic Marine* directs this Court not to consider.[22] As a result, these arguments lose too.

The Defendant also asks for this lawsuit to be transferred to the Eastern Division of the Northern District of Illinois.[23] The Agreements do not specify which division within the Northern District of Illinois should be used.

The Northern District of Illinois is divided into Eastern and Western Divisions. The Eastern Division covers Lake County, Illinois where Defendant Brunswick resides.[24]

---

[17] Doc. 9 at p. 3-5.
[18] *Id.* at 3.
[19] Docs. 1-1 6- 7and 1-2 at 6-7.
[20] *See, e.g.*, Doc. 9 at 4 saying that "[i]t is no more or less convenient for the Defendant to litigate in northern Ohio than it is to litigate in Chicago, Illinois."
[21] *Id.* arguing that "this is a David and Goliath scenario with goliath insisting that David fight 500 miles away from its home base."
[22] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, ___ U.S. ___, ___, 134 S. Ct. 568, 581–582 (2013). The Plaintiff does not discuss public-interest factors.
[23] Doc. 8.
[24] *Id.* at 7.

Additionally, the Eastern Division's Chicago and Wheaton courthouses are closer to Northeast Ohio than the Western Division's Rockford and Freeport courthouses. The Chicago and Rockford courthouses are roughly equidistant to Milwaukee, Wisconsin. Litigating in the Eastern Division will be more convenient for Plaintiff DTV and Defendant Brunswick. The Plaintiff did not express a preference for either division in its filings.

Therefore, this Court grants the Defendant's motion to transfer venue to the Northern District of Illinois, Eastern Division.

### B. *Motion to Strike Jury Demand*

Defendant Brunswick also moves to strike Plaintiff DTV's demand for a jury trial. This Court will leave this decision to the Northern District of Illinois because it is granting the Defendant's motion to transfer.

### IV. Conclusion

For the reasons above, this Court **GRANTS** the Defendant's motion to transfer to the Northern District of Illinois, Eastern Division.

IT IS SO ORDERED.

Dated: August 11, 2016                     *s/     James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE